**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

JAMES PAYNE                                                          PETITIONER
Reg. #15635-045

V.                                  NO. 2:14CV00027 JLH/JTR

ANTHONY HAYNES, Warden,                                    RESPONDENT
FCC-FCI-Forrest City

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District

Judge J. Leon Holmes. Any party may serve and file written objections to this

recommendation. Objections should be specific and should include the factual or legal

basis for the objection. If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection. An original and one copy of

your objections must be received in the office of the United States District Clerk no

later than fourteen (14) days from the date of the findings and recommendations. The

copy will be furnished to the opposing party. Failure to file timely objections may

result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A149
Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus filed by James Edward Payne, an inmate in the Federal Correctional Institution in Forrest City, Arkansas. (*Doc. 1.*) Respondent has filed a Response, and Petitioner has filed a Reply. (*Docs. 5 & 7.*) Thus, the issues are joined and ready for disposition.

In May 2003, Petitioner pleaded guilty, in the United States District Court for the Northern District of Oklahoma, to conspiring to manufacture methamphetamine. *United States of America v. Goff, et al.*, N.D. Okla. No. 4:02cr00063-CVE-4, at *docs.* 119, 124-25 (*Doc. 5-1*). On September 8, 2003, the Court sentenced him to 240 months of imprisonment. (*Doc. 5-2.*) Petitioner did not appeal.

On February 25, 2005, Petitioner filed a 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence with the sentencing court. *See* N.D. Okla. No. 4:02cr00063-CVE-4, at *docs. 152 & 154.*[1] One of his arguments was that the Court sentenced him based upon a quantity of fifty grams of methamphetamine, although Petitioner's plea agreement only admitted to a quantity of less than fifty grams. On November 15, 2005, the Court entered an order dismissing all claims[2] except one: that

---

[1]The Court electronically accessed records from the Northern District of Oklahoma and the Tenth Circuit Court of Appeals.

[2]Regarding Petitioner's claim that his sentence was "based on a quantity of drugs to which he never stipulated," the Court held:

Payne's precise argument is unclear, but it appears to be either 1) that the Court sentenced him under the wrong statutory subsection, 21 U.S.C. § 841(b)(1)(B), which pertains to 50 grams or more of methamphetamine, rather than § 841(b)(1)(C), which pertains to less than 50 grams and to which Payne pled guilty, or 2) a true *Booker* [*United States v. Booker*, 543 U.S. 220 (2005)] argument that the Court's factual findings regarding the drug quantity for which Payne was responsible increased the top of the guideline range. If Payne's argument is the former, a review of the presentence report and the sentencing hearing transcript shows that Payne is clearly mistaken. If Payne's argument is the latter, he is not entitled to the benefit of *Booker*'s holding.

counsel failed to file a notice of appeal as requested by Petitioner. *Doc. 5-3*. After holding an evidentiary hearing on that issue, the sentencing court denied Petitioner's remaining § 2255 claim. (*Docs. 5-4 & 5-5*.) Petitioner appealed the § 2255 denial to the Tenth Circuit Court of Appeals. On October 12, 2006, the Tenth Circuit dismissed the appeal for lack of prosecution. *See* N.D. Okla. No. 4:02cr00063-CVE-4, at *doc. 189* (10th Cir. No. 06-5045).

On August 5, 2013, Petitioner filed in the Tenth Circuit Court of Appeals a petition for authorization to file a successive § 2255 motion. *In re Payne*, 10th Cir. No. 13-5103 (*Doc. 1*, at 30-49). In his motion, he argued that: (1) the sentencing court had improperly imposed a 240-month sentence based on drug quantities not alleged in the information and his sentence should be corrected to fall within the Guidelines range of 57 to 71 months of imprisonment; and (2) he was entitled to proceed based on the Supreme Court's recent decision in *Alleyne v. United States,* 133 S. Ct. 2151 (2013).[3] On September 17, 2013, the Tenth Circuit denied Petitioner authorization to

---

The Court sentenced Payne on September 8, 2003, ... nearly a year and a half before the Supreme Court's decision in *Booker*. Payne's counsel was not required to predict future changes in the law.

(*Doc. 5-3*, at 3.)

[3]*Alleyne* held that, under the Sixth Amendment, "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury" and "found beyond a reasonable doubt." 133 S. Ct. at 2155.

-4-

file a second or successive § 2255 motion. *In re Payne*, 733 F.3d 1027 (10th Cir.

2013).[4] *See* 28 U.S.C. § 2255(h) (successive § 2255 motion "must be certified ... by

a panel of the appropriate court of appeals" to contain "newly discovered evidence"

or a "new rule of constitutional law, made retroactive to cases on collateral review by

the Supreme Court, that was previously unavailable").

On February 27, 2014, Petitioner initiated this § 2241 habeas action, raising one

claim: his 240-month sentence is illegal because it is based upon an offense involving

fifty grams of methamphetamine, when he pled guilty to an offense involving less

than fifty grams of methamphetamine, which he says would have a sentencing range

of 63-78 months. As relief, Petitioner asks this Court to vacate his sentence and order

resentencing.

## II.  Discussion

A challenge to the lawfulness of a federal conviction and sentence generally

---

[4]The Tenth Circuit held that: (1) *Alleyne* did not apply retroactively to cases on collateral review; and (2) even if it did, Petitioner would be denied authorization to proceed with a successive § 2255 motion because "there were no facts that increased the range of penalties" to which he was exposed. *Payne*, 733 F.3d at 1029-30 & n.1. The Court explained: "The plea agreement in this case indicated that the statutory maximum penalty was twenty years of imprisonment, *see* 21 U.S.C. § 841(b)(1)(C); that Mr. Payne understood the district court could impose the statutory maximum; and that sentencing was a matter for the court's discretion. By choosing to exercise its discretion to impose the statutory maximum, the court did not violate the Sixth Amendment." *Id.* at 1030 n.1.

must be made in the sentencing court through a 28 U.S.C. § 2255 motion to vacate, set aside or correct. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010); *see* 28 U.S.C. § 2255(a) (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence). Because a § 2255 motion attacks the *validity* of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court which convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983).

A federal court in the district of incarceration can entertain a 28 U.S.C. § 2241 habeas petition challenging the validity of a conviction or sentence only if "*it also appears that the remedy by [§ 2255] motion [to the sentencing court] is inadequate or ineffective to test the legality of his detention*." § 2255(e) (emphasis added). A petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Lopez-Lopez*, 590 F.3d at 907. The Eighth Circuit has made it clear that the "inadequate or ineffective remedy" exception is a "narrowly-circumscribed 'safety valve.'" *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002).

The fact that an individual may be barred from filing a § 2255 motion due to procedural barriers does *not* render the remedy inadequate or ineffective so as to

permit utilization of § 2241. *Lopez-Lopez*, 590 F.3d at 907. Specifically, the § 2255 remedy is not inadequate or ineffective merely because: (1) the claim already has been raised and rejected in a § 2255 proceeding; (2) the sentencing court misunderstood or failed to fully or adequately address his § 2255 claim; (3) the petitioner has been denied permission to file a second or successive § 2255 motion; or (4) a new § 2255 motion would be barred as successive or untimely. *Id.*; *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003); *see* § 2255(f) (federal defendant generally has one year from "the date on which [his] judgment of conviction becomes final" to file a § 2255 motion); § 2255(h) (setting forth restrictions on successive § 2255 motions).

While Petitioner currently is incarcerated in this judicial district, the claim that he is raising in his § 2241 action challenges the *validity* of his sentence imposed by the United States District Court in the Northern District of Oklahoma. After he was convicted and sentenced, Petitioner did not file a direct appeal. Although he raised a variation of this claim in his § 2255 motion in the sentencing court and then appealed the § 2255 denial, he did not follow through with his § 2255 appeal. Finally, he raised this same claim in his petition for authorization to file a successive § 2255 motion, which the Tenth Circuit denied.

Petitioner argues that he should be allowed to proceed here because his issue is one of "subject matter jurisdiction," which the Tenth Circuit Court of Appeals "did

not address." He also asserts that this Court must review his claims because he is "actually innocent of the harsher offense and penalty." In addition, he argues that he has not yet had an "unobstructed" procedural opportunity to raise a claim based on *Alleyne*, because the Supreme Court has not determined the retroactivity of that decision. *See Doc. 1*, at 4-7; *Doc. 7*, at 1-3.

These are variations of the same arguments that were presented to and rejected by the sentencing court and the Tenth Circuit. Petitioner's attempt to relitigate the same issues in this § 2241 action can be viewed as "no more than a transparent attempt to bypass the ruling[s]" of the courts in the sentencing district. *See Hill*, 349 F.3d at 1092.

Petitioner has failed to demonstrate the inadequacy and ineffectiveness of his § 2255 remedies in the sentencing district. Accordingly, this Court lacks subject matter jurisdiction over this § 2241 habeas action, and it should be dismissed.[5] See *Hill*, 349 F.3d at 1091-93; *DeSimone*, 805 F.2d at 323-24.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, *Doc. 1*, be DENIED, and the case be dismissed, without

---

[5]Because the sentencing court and the Tenth Circuit Court of Appeals have already rejected Petitioner's claims, this Court should dismiss this § 2241 action rather than grant Petitioner's request to "remove" it to the Northern District of Oklahoma. *See Doc. 1*, at 2.

prejudice. Petitioner's Motion for Judgment, *Doc. 8*, should be DENIED as moot.

DATED this 13th day of November, 2014.

_____
UNITED STATES MAGISTRATE JUDGE